UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHESTON J. ROBERTS ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No: 1:23-CV-828 |
| ) | |
| STATE OF INDIANA, ERIC HOLCOMB ) | |
| GOVERNOR THE STATE OF INDIANA, ) | |
| DIEGO MORALES, INDIANA SECRETARY ) | |
| OF STATE, MARION COUNTY ELECTION ) | |
| BOARD, AND MARION COUNTY JUDICIAL ) | |
| SELECTION COMMITTEE, ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

The Plaintiff, Cheston J. Roberts, by counsel, Nicholas F. Baker, complains for declaratory and injunctive relief against the Defendants, State of Indiana, Indiana Governor Eric Holcomb, Indiana Secretary of State Diego Morales, the Marion County Election Board, and the Marion County Judicial Selection Committee as follows:

**Introduction**

Congress enacted the Voting Rights Act, 52 U.S.C § 10101 ("VRA") in 1965. At that time, all Indiana residents enjoyed full voting rights in the election of judges. From 1950 to 1970, the black populations in Marion and Lake Counties dramatically increased. It is in this context that in the 1970s the Indiana Legislature began abridging judicial voting rights—but only in high minority counties.

Today, approximately 82% of white Indiana residents continue to enjoy the same full voting rights in counties with low minority populations they possessed when the VRA was enacted. But the same is not true for minority voters. In Marion, Lake, and St. Joseph Counties, voters now only have an abridged voting right. They do not have a right to vote in free and open elections to select judges. Rather, they only get to vote on whether to retain judges appointed by the Indiana Governor.

1

This selective abridgment of voting rights has had an extreme and disparate impact on minority voters. Today, approximately 66% of Indiana black residents and 49% of Indiana minority residents have lesser and unequal judicial voting rights. Selectively restricting voting rights in only certain high minority parts of the State violates the United States and Indiana Constitutions and the VRA.

## PARTIES, JURISDICTION, VENUE AND CAUSE OF ACTION

1. Defendant State of Indiana is a governmental organization with administrative offices located in Marion County, Indiana at 200 West Washington, Room 201, Indianapolis, Indiana 46204.

2. Defendant Eric Holcomb is the Governor of the State of Indiana, with offices located at 200 West Washington, Room 206, Indianapolis, Indiana 46204.

3. Defendant Diego Morales is the Indiana Secretary of State with offices located at 200 West Washington, Room 201, Indianapolis, Indiana 46204.

4. Defendant Marion County Election Board oversees elections in Marion County and is located at 200 East Washington St., W-144, Indianapolis, Indiana 46204.

5. Defendant Marion County Judicial Selection Committee consists of fourteen members that evaluate candidates and submit names to the Governor for judicial selection that regularly meet at 675 Justice Way, 11th floor En Banc Conference room, Indianapolis, Indiana 46203.

6. Plaintiff Cheston J. Roberts ("Roberts") is a minority resident, taxpayer, and registered voter in Marion County Indiana.

7. Roberts cannot vote in an election to select a Marion County Superior Court Judge.

8. Roberts now only enjoys the abridged voting right of voting whether to retain judges.

9. The state sponsored discriminatory judicial selection practice injures all citizens, including Roberts.

10. The State of Indiana is a proper defendant for a claim under the VRA because in

enacting the VRA Congress abrogated sovereign immunity, and the State of Indiana has enacted judicial voting laws that violate the United States and Indiana Constitutions and the VRA.

11. The Marion County Election Board is a local governmental unit that oversees elections in Marion County Indiana and administers the retention votes for Marion County Superior Court judges. Ind. Code § 33-33-49, et. seq.

12. Diego Morales, Indiana's Secretary of State, is Indiana's chief election official, Ind. Code § 3-6- 3.7-1, and he receives statements from judges wishing to be placed for merit selection nomination and for the retention vote ballot. Ind. Code § 33-33-49, et. seq.

13. The Marion County Judicial Selection Committee ("Marion County JNC") is a local government entity created by the Indiana General Assembly.

14. Eric Holcomb, Governor of the State of Indiana, is a proper defendant because the Governor is currently making and will make in the future judicial selections in Marion County in violation of the United States and Indiana Constitutions and the VRA.

15. This Court has original jurisdiction over this matter under 28 U.S.C. §§ 1331 (federal question jurisdiction), 1343 (civil rights cases), 2201 and 2202 (declaratory relief) because claims in this matter arise under the laws and Constitution of the United States.

16. Roberts further sets forth claims under the First and Fourteenth Amendments to the United States Constitution, pursuant to 42 U.S.C. § 1983.  Declaratory relief is authorized by Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 2201 and 2202.

17. Venue is appropriate in this Court because the Defendants have their principal offices in Indianapolis and "reside" in this District. 28 U.S.C. §1391(b)(1).

## FACTUAL BACKGROUND

### Current and Historical Method for Electing and Selecting Superior Court Judges

18. When the VRA was enacted in 1965, all Superior Court judges in Indiana were elected

in free and open elections, including in Marion County.

19. Since the VRA's enactment, the Indiana Legislature has singled out Marion County (and Lake and St. Joseph) and required that Marion County judicial nominees be selected by the Marion County JNC in a merit selection process and submit three (3) names to the Governor, and the Governor would appoint Marion County Superior Court judges.

20. Marion County residents were then given the lesser and unequal voting right to vote on whether to retain judges appointed by the Governor, but Marion County residents could not run for judge or vote for the judge of their choice.

21. Currently, unlike Marion County, eighty-nine of Indiana's ninety-two counties enjoy the full right to run, select, and vote for the judges hearing their cases.

22. Today, the Marion County JNC nominates Marion County attorneys to fill Superior Court vacancies, and the Governor then appoints Marion Superior Court judges from those nominees. Ind. Code §§ 33-33-49-13.4.

23. Today, Marion County residents do not have a uniform right to elect Superior Court judges of their choice or to run for election.

24. Instead, Marion County residents only vote on whether to retain judges the Governor appoints. Ind. Code § 33-33-39, et. seq.

**Minority Voters in Indiana Have Been Systematically Disenfranchised**

25. According to United States Census Bureau 2020 population data, Marion County had a minority population of 383,538, and approximately 39% of Marion County residents are minorities.

26. If elections for Superior Court judges in Marion County were free and open, as they are in most other counties in the State, minority residents would be able to elect judges of their choice.

27. Instead, the Governor who is elected in a state-wide election, not solely in Marion County, chooses Superior Court judges in Marion County.

28. While minorities make up over a third of Marion County's population, the State of Indiana is 77% white.

29. Marion County's Judicial Selection process is an extreme form of vote dilution.

30. In addition to Marion County, the Indiana Legislature has the same abridgement of voting rights in Lake and St. Joseph Counties, two other counties with a minority population more than the State average.

31. According to 2020 population data, Lake County has a minority population of 247,594 which is approximately 50% of its population; and St. Joseph County had a minority population of 84,356, which is approximately 31% of its population.

32. According to 2020 census data, Marion, Lake, and St. Joseph Counties are the most racially diverse counties in Indiana.

33. The only county that is even close to Marion, Lake, and St. Joseph Counties, in terms of percentage of minority residents, is Allen County, with approximately 30% of its population being minorities, and the Legislature has implemented a JNC in Allen County as well, followed by non-partisan elections.

34. According to 2020 population data, approximately 49% of minority residents in Indiana live in Lake, Marion, and St. Joseph Counties.

35. Approximately 66% of black residents in Indiana have abridged voting rights for Superior Court Judges.

36. In contrast, approximately 82% of white, non-Hispanic voters in Indiana enjoy full general election rights for their Superior Court judges.

**COUNT I–DECLARATORY JUDGMENT THAT THE LESSER AND UNEQUAL VOTING RIGHTS IN MARION COUNTY VIOLATE THE VRA**

37. Roberts incorporates by reference the allegations contained in paragraphs 1-36.

38. The Voting Rights Act provides that "[n]o voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color." 52 U.S.C. § 10301(a).

39. "A violation of subsection (a) is established if, based on the totality of circumstances, it is shown that the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice." 52 U.S.C. § 10301(b).

40. In Indiana, judicial nominating only occurs in select counties with high minority populations (including Marion County) that results in the abridgement of the right of minority residents to vote for judges.

41. In select counties with high minority populations (including Marion County), residents only retain the lesser and unequal right to vote in retention elections for Superior Court judges.

42. Residents in all other counties in Indiana have full voting rights for Superior Court.

43. Voting for Superior Court judges is not equally open to all Indiana residents.

44. By selectively implementing abridged voting rights only in high minority counties, Indiana has disenfranchised and continues to disenfranchise and abridge the voting rights of minority voters.

45. The structure Roberts is challenging under the VRA is not a mere inconvenience, but rather entirely blocks the rights of voters in high minority counties to vote on Superior Court judges of their choice or minority lawyers to run for election as a Superior Court judge.

46. The lesser and unequal voting rights afforded to select minority voters is a deviation from what existed in 1965 when Congress enacted the VRA.

47. In 1982, when the VRA was amended, Marion County residents still elected their Superior Court judges, though Marion County's system was later declared unconstitutional for different reasons.

48. The current state of abridged voting rights for voters in high minority areas is a stark departure from what existed in Indiana in 1965 and 1982.

49. The size of the disparities imposed on minorities by Indiana's differential voting procedures is significant because 66% of Indiana's black residents live in Lake, Marion, and St. Joseph Counties.

50. Indiana does not have any alternate procedure that would allow minority voters in Lake, Marion, and St. Joseph Counties to participate in voting for Superior Court judges.

51. The political processes leading to the election of judges in Indiana are not equally open to the participation of minority residents in Indiana, and minorities in Indiana have less opportunity to elect Superior Court judges.

52. The Defendants should be enjoined from placing, nominating, or selecting any Marion Superior Court judge.

53. The selection of Superior Court Judges in Indiana must equally apply to all residents of the State and must not violate the VRA.

54. The State's desire to maintain judicial elections for Superior Court judges must provide the same process to all residents and counties.

**COUNT II – DECLARATORY JUDGMENT THAT THE MARION COUNTY JNC SELECTION PROCESS AND RETENTION VOTES VIOLATE THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 1983**

55. Roberts incorporates by reference the allegations contained in paragraphs 1-54 as if fully set forth herein.

56. The Defendants, in implementing I.C. § 33-33-49 et. seq. and acting pursuant to state government authority, prohibit Roberts and others similarly situated from equally participating in selection and admissions to the judiciary and association in the judiciary as other in the State of Indiana.

57. The Defendants, in implementing I.C. § 33-33-49 et. seq. and acting pursuant to state government authority, prohibit Roberts and others similarly situated from Ballot Access available to others in Indiana in violation of the First Amendment to the United States Constitution.

58. The Defendants, in implementing I.C. § 33-33-49 et. seq. and acting pursuant to state government authority, prohibit Roberts and others similarly situated from Candidate Access available to others in Indiana in violation of the First Amendment to the United States Constitution.

**COUNT III – DECLARATORY JUDGMENT THAT THE MARION COUNTY JNC SELECTION PROCESS AND RETENTION VOTES VIOLATE THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION UNDER 42 U.S.C. § 1983**

59. Roberts incorporates by reference the allegations contained in paragraphs 1-58 as if fully set forth herein.

60. The fundamental right to vote includes the right to equally participate in a trustworthy process that is open to all voters.

61. By entitling certain Indiana voters to vote and elect their judges in a primary and general elections but denying that same privilege to Roberts and other similarly situated voters in Marion County, I. C. § 33-33-49 et. seq. violates the Equal Protection Clause of the Fourteenth Amendment.

62. As applied, the JNC and I. C. § 33-33-49 et. seq. disparately impacts minority voters in the State of Indiana and deny them the same rights afforded other Indiana voters.

**COUNT IV – DECLARATORY JUDGMENT THAT THE MARION COUNTY JNC SELECTION PROCESS AND RETENTION VOTES VIOLATE INDIANA CONSTITUTION ARTICLE 4 SECTION 23**

63. Roberts incorporates by reference the allegations contained in paragraphs 1-62 as if fully set forth herein.

64. Indiana Constitution Article 4 Section 23 provides that "where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

65. The JNC selection process for Superior Court judges is only in place in Lake, Marion, St. Joseph, and Allen Counties – counties with the highest minority populations.

66. Retention votes for Superior Court judges, as opposed to full elections, are only in place in Lake, Marion, and St. Joseph Counties.

67. The Marion County JNC selecting nominees for the Governor to appoint Marion County Superior Court followed by a retention vote is special legislation that does not apply uniformly statewide.

68. The Marion County JNC selection process is unconstitutional special legislation when there is nothing unique about Marion County that requires a JNC to select nominees to be appointed by the Governor to the Marion County Superior Courts followed by retention votes.

The fundamental right to vote includes the right to equally participate in a trustworthy process that is open to all voters.

**COUNT V – DECLARATORY JUDGMENT THAT THE MARION COUNTY JNC SELECTION PROCESS AND RETENTION VOTES VIOLATE INDIANA CONSTITUTION ARTICLE 1 SECTION 23**

69. Roberts incorporates by reference the allegations contained in paragraphs 1-68 as if fully set forth herein.

70. Indiana Constitution Article 1 Section 23 provides that the "General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

71. In eighty-nine out of the ninety-two counties in Indiana, all citizens over the age of

9

eighteen elect their Superior Court judges.

72. In Marion County, citizens including Roberts do not have the privilege of electing their judges.

73. The judicial nomination and retention vote provisions in Ind. Code. 33-33-49 violate Indiana Constitution Article 1, Section 23 because citizens in Marion County do not enjoy the privilege of electing their judges as the other citizens and eighty-nine Indiana counties.

74. The Marion County JNC selecting nominees for the Governor to appoint to the Marion County Superior Court followed by a retention vote denies Roberts the same privileges and immunities equally available to other Indiana citizens.

75. The fundamental right to vote includes the right to equally participate in a trustworthy process that is open to all voters.

**COUNT VI – DECLARATORY JUDGMENT THAT THE MARION COUNTY JNC SELECTION PROCESS AND RETENTION VOTES VIOLATE INDIANA CONSTITUTION ARTICLE 1 SECTION 23**

76. Roberts incorporates by reference the allegations contained in paragraphs 1-75 as if fully set forth herein.

77. Indiana Constitution Article 5 Section 18 provides that in the event of a vacancy of an "office of Judge of any Court; the Governor shall fill such vacancy, by appointment, which shall expire, when a successor shall have been elected and qualified."

78. In all counties where a judicial vacancy occurs, the Governor is entitled to appoint a successor but only until the next election.

79. In only three counties in Indiana including Marion County is the Governor's vacancy appointment not subject to a general election as opposed to a retention election.

80. In Marion County, citizens including Roberts are denied a general election to a Governor's vacancy appointment, and, instead, are subjected to a retention election.

81. The judicial nomination and retention vote provisions in Ind. Code. 33-33-49 violate Indiana Constitution Article 5, Section 18 because the Governor's vacancy appointment is not subject to a general election in Marion County.

WHEREFORE, and applicable to all Counts of this lawsuit, Cheston J. Roberts seeks the following relief through this suit:

a) A declaration that Marion County Judicial Selection and retention votes for Marion Superior Court judges violate the VRA;

b) A declaration that Marion County Judicial Selection and retention votes for Marion Superior Court judges violates the Constitution of the United States;

c) A declaration that the Marion County Judicial Selection and retention votes for Marion Superior Court judges violates the Indiana State Constitution;

d) A permanent injunction enjoining the Marion County Election Board from placing on the ballot Superior Court judges for retention votes;

e) A permanent injunction enjoining the Marion County JNC from selecting future Marion Superior Court judge nominees;

f) A permanent injunction enjoining the Governor from selecting any future Marion Superior Court judge except as otherwise provided in the Indiana Constitution;

g) An order that future Marion County Superior Court openings and those scheduled for retention vote be filled by general election, not by selection and retention votes;

h) Attorney fees available under 42 U.S.C. § 1983.

Respectfully submitted,

NICK BAKER LAW LLC

_____
Nicholas F. Baker (26248-49)

Nick Baker Law LLC<br>
320 N Meridian St, Ste 801<br>
Indianapolis, IN 46204<br>
Phone: 317-456-7889<br>
nick@nickbakerlaw.com<br>
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

     I hereby certify that a true copy of the foregoing has been served upon the following by hand-delivery this 17th day of May, 2023.

| | |
|---|---|
| State of Indiana<br>Todd Rokita, Attorney General<br>Office of the Indiana Attorney General<br>Indiana Government Center South<br>302 West Washington Street, 5th Floor<br>Indianapolis, IN 46204 | Eric Holcomb<br>Governor of the State of Indiana<br>200 West Washington, Room 206<br>Indianapolis, IN 46204 |
| Diego Morales<br>Secretary of State of the State of Indiana<br>200 West Washington, Room 201<br>Indianapolis, IN 46204 | Marion County Election Board<br>200 East Washington St. W-144<br>Indianapolis, IN 46204 |
| Marion Co. Judicial Selection Committee<br>675 Justice Way, 11th Floor<br>En Banc Conference Room<br>Indianapolis, IN 46203 | |

                                                 Nicholas F. Baker, #26248-49