UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CHESTON J. ROBERTS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-00828-JRS-KMB |
| | ) | |
| STATE OF INDIANA, | ) | |
| ERIC HOLCOMB, | ) | |
| DIEGO MORALES, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DENYING PARTIES' JOINT MOTION TO STAY

Presently pending before the Court is the Parties' Joint Motion to Stay all case management deadlines until after the Court rules on the Defendants' Motion to Dismiss. [Dkt. 48.] Because the Motion to Dismiss does not raise a threshold challenge to all of Plaintiff's claims against all of the Defendants, the Court finds that granting a stay would unnecessarily delay the proceedings and that the Parties have not met their burden to show that one is warranted under these circumstances. Accordingly, the Motion to Stay **DENIED**.

### I.  LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  A court may stay a matter through an exercise of its inherent authority to manage litigation or through its authority under Federal Rule of Civil Procedure 26(c).  *See, e.g.*, *E.E.O.C. v. Fair Oaks Dairy Farms, LLC*, 2012 WL 3138108, at *2 (N.D. Ind. Aug. 1, 2012).  "[The court should] balance interests favoring a stay against interests frustrated by the action in light of the court's paramount

obligation to exercise jurisdiction timely in cases properly before it." *U.S. ex rel. Robinson v. Indiana Univ. Health Inc.*, 2015 WL 3961221 (S.D. Ind. June 30, 2015) (internal citation omitted).

"Courts disfavor stays of discovery 'because they bring resolution of the dispute to a standstill.'" *Red Barn Motors, Inc. v. Cox Enterprises, Inc.*, 2016 WL 1731328, at *3 (S.D. Ind. May 2, 2016) (quoting *New England Carpenters Health & Welfare Fund v. Abbott Labs*, 2013 WL 690613, at *2 (N.D. Ill. Feb. 20, 2013)). District courts have "extremely broad discretion" in weighing these factors in deciding whether a stay should issue. *Robinson*, 2015 WL 3961221, at *1. "Filing a motion to dismiss does not automatically stay discovery," and as a general matter, "a stay of discovery is warranted only when a party raises a potentially dispositive threshold issue such [as] standing, jurisdiction, or qualified immunity." *Red Barn Motors*, 2016 WL 1731328, at *2-3. Although such stays are sometimes granted, *id.*, a party has no right to a stay, and the party seeking a stay bears the burden of proving that the Court should exercise its discretion in staying the case. *Ind. State Police Pension Trust v. Chrysler LLC*, 556 U.S. 960, 961 (2009).

## II. ANALYSIS

The Parties jointly argue that there is good cause to stay discovery while the Motion to Dismiss is pending because they contend that the ruling on the Motion to Dismiss "may make further litigation unnecessary, narrow the issues in the case, or otherwise focus further litigation efforts." [Dkt. 48 at ¶ 4.] If the Motion to Stay is denied, the Parties would like to "meet and confer and file a proposed amended case management plan within 30 days of the Court's decision." [*Id.* at ¶ 5.]

As a general matter, the Court does not routinely stay discovery simply because a defendant has filed a motion to dismiss, and moving to dismiss a case does not automatically relieve the Parties of their obligation to comply with case management deadlines. *See*, *e.g.*, *Gookins v. County*

*Materials Corp.*, 2019 WL 3282088 at *1 (S.D. Ind. July 18, 2019) (concluding that it is not appropriate "for all discovery to grind to a halt" until after the motion to dismiss is ruled upon because the defendants "have not met their burden of persuading the Court that the chance of their motion to dismiss being granted in its entirety outweighs the interest in moving this matter forward"). Instead, the Court typically will only stay discovery when the motion to dismiss raises a threshold challenge such as standing, jurisdiction, or immunity, as to all claims. *See*, *e.g.*, *DeBoard v. BH Urban Station, LLC*, 2023 WL 1363346 (S.D. Ind. Jan. 30, 2023) (staying discovery where defendants moved to dismiss all claims for lack of standing).

In this case, Defendants' pending Motion to Dismiss does raise threshold challenges to some, but not all, of the Plaintiff's claims against certain Defendants in this action. [Dkts. 42; 43.] For example, Defendants' motion does seek to dismiss the State of Indiana and all state law claims against it under the doctrine of sovereign immunity. [*Id.* at 8-10.] But the Plaintiff's state and federal claims all arise from similar factual allegations and, thus, will likely involve similar discovery. [*See generally* dkt. 33 (Plaintiff's Amended Complaint).] Because discovery on the federal and state claims is likely to overlap, the Defendants' sovereign immunity challenge to the Plaintiff's state law claims alone does not persuade the Court that the benefit of granting a discovery stay would outweigh the general interests in moving this case forward. Additionally, the Defendants are all represented by the same counsel, so even if Defendants prevail on a dismissal of the State on sovereign immunity grounds, allowing discovery to proceed at this time is unlikely to materially reduce the cost of litigation given the overlapping nature of the underpinnings of Plaintiff's state and federal claims.

Finally, the Court observes that the Parties' argument in the Joint Motion to Stay—*i.e.*, that the ruling on the Motion to Dismiss may "narrow the issues in the case, or otherwise focus further

litigation efforts," [dkt. 48 at ¶ 4]—is a conclusory argument that provides no insight on the burden the Parties expect to endure if discovery proceeds while the Motion to Dismiss is pending. Given these circumstances, the Court concludes that the Parties have not met their burden of proving that the Court should exercise its discretion in staying the case and, thus, denies the Motion to Stay. [Dkt. 48.]

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** the Parties' Joint Motion to Stay Discovery Deadlines. [Dkt. 48.] The Court notes that since the Parties filed that Motion, the previously established deadlines for their initial disclosures and preliminary witness and exhibit lists have passed. [Dkt. 40.] In light of the Court's denial of the joint stay request, it *sua sponte* extends the deadlines for those items to **December 13, 2023**. The Court does not extend any other case management deadlines at this time; however, it **ORDERS** the Parties to meet and confer and, to the extent necessary, file a proposed amended case management plan for the Court's consideration **no later than December 13, 2023**.

IT IS SO ORDERED.

Date: 11/22/2023

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

Nicholas F. Baker
Nick Baker Law LLC
nick@nickbakerlaw.com

James A. Barta
Office of the Indiana Attorney General
james.barta@atg.in.gov

Katelyn E. Doering
Office of the Indiana Attorney General
katelyn.doering@atg.in.gov

Melinda Rebecca Holmes
Office of the Indiana Attorney General
melinda.holmes@atg.in.gov